**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION at CINCINNATI**

| | | |
|---|---|---|
| IN RE: | } | CASE NO. 12-16748 |
| | } | |
| STEVEN R. TURKELSON | } | CHAPTER 13 |
| SUSAN G. TURKELSON | } | |
| | } | |
| DEBTORS | } | (Form dated Dec. 2011) |

**DEBTORS PLAN & APPLICATION TO CONFIRM**

**CHOOSE ONE:**

    X    **Debtor(s) are eligible for discharge under § 1328(f).**

          **Debtor(s) are not eligible for discharge under § 1328(f).**

**1. MEDIAN INCOME/PLAN PAYMENT/PAYROLL DEDUCTION**

**A. MEDIAN INCOME**

**ABOVE MEDIAN INCOME**     X    

Current monthly income $5,635.19 (CMI) minus means test expenses $6,426.28 (IRS amounts) = Disposable income -$791.09 (D/I).

D/I (line 59 of the means test) -$791.09 TIMES 60 = $0.00 (Actual Number is a Negative)

**OR**
**BELOW MEDIAN INCOME**      

**B. PLAN PAYMENT**
The debtor(s) shall pay to the Trustee all projected disposable income in the amount of **$1,491.00** per month for approximately **60 Months**, but not to exceed five (5) years.

If the plan is determined to be 'under 36 months, or above median and under 60 months, the Trustee will serve a notice upon Debtors and Counsel and increase the percentage.

Unless the allowed unsecured claims are paid at 100%, the total plan payments shall not be less than the sum of 36 months of confirmed monthly plan payments or 60 months if above median.

This provision does not prohibit the Debtor(s) from prepaying the plan before 36 or 60 months of plan payments.

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM**                                     **Page 1 of 14**

## C. PERCENTAGE: UNSECURED CLAIM PERCENTAGE

     X      This is a percentage plan. The percentage is **7% (SEVEN PERCENT).**

As calculated below, the Liquidation Percentage for this plan is **0% (ZERO PERCENT)** and the Disposable Income Percentage is **0% (ZERO PERCENT)**. The Trustee will, at a minimum, pay the Liquidation Percentage or the Disposable Income Percentage, whichever is greater

Liquidation Percentage = $0.00 (Equity) divided by $71,160.97 (Unsecured Debt) equals 0% (Liquidation Plan Percentage per 11 U.S.C. § 1325(a)(4)).

Disposable Income Percentage = $0.00 (D/I*60) divided by $71,160.97 (Unsecured Debt) equals 0% (Disposable Income Plan Percentage per 11 U.S.C. § 1325(b)(1)).

## D. PAYROLL DEDUCTION
The first payment is due 30 days after the date of the filing of the plan or the order for relief whichever is earlier, unless the court orders otherwise. 11 U.S.C. § 1326(a)(1).

Employer shall make deductions from employee's wages and send them to the Chapter 13 Trustee.

The Employer is:  **Automotive International**

Until the payroll order begins debtors MUST make payments by certified check or money order to:

**OFFICE OF THE TRUSTEE**
**P.O. Box 290**
**Memphis, TN 38101-0290**

Debtors full name, case number and address must be on all certified checks or money orders. If Debtors are employed, Debtors' Counsel has uploaded an Order for payroll with the filing of this Chapter 13. Debtors MUST VERIFY with their payroll that funds have actually been sent.

**2. EFFECTIVE DATE OF PLAN and VESTING OF PROPERTY OF THE ESTATE**
The effective date of the Plan shall be the date of confirmation of the Plan.

Title to the debtor(s)' property shall revest in the Debtor(s) upon confirmation of the Plan; provided, however, Debtor(s) may not sell any property, real or personal, except upon application to the Trustee or motion to the Court as specified in Local Bankruptcy Rule 6004-1, unless the unencumbered value of the personal property is less than $1,000.00.

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM**                                                                 Page 2 of 14

### 3. FILING OF PROOF OF CLAIM/ALLOWANCE AND PAYMENT OF CLAIMS PRIORITY PAYMENTS

Payment shall not be made on any claim unless a proof of claim is filed with the Clerk of the Bankruptcy Court, or the Court issues an order. See Fed. R. Bankr. P. 3002(c).

The Trustee is authorized within her discretion to calculate the amount and timing of distributions as is administratively efficient.

All priority creditors under 11 USC § 507 shall be paid in full in deferred cash payments. Priority claims include the following:

| |
|---|
| 1. |
| 2. |

### 4. ATTORNEY FEES:
The Trustee shall pay Attorney fees pursuant to filed application for fees and order of the Court.

Counsel will be paid a lump sum payment of all funds held by the Trustee at confirmation minus any adequate protection payments, mortgage conduit payments, lease payments, or Trustee fees and then $400.00 every month until the attorney fee is paid.

After payment of attorney fees is completed, the additional funds will flow to secured and priority creditors.

If monthly secured and priority payments exceed plan payment, attorney fees will be reduced.

### 5. ADEQUATE PROTECTION PLAN DISBURSEMENTS -
Debtor(s) shall pay adequate protection payments and/or lease payments specified in 11 U.S.C. § 1326(a)(1)(B) and (C) and as scheduled in the plan to the Chapter 13 Trustee. If the case is dismissed or converted, the Chapter 13 Trustee shall pay these adequate protection payments to the creditor.

**The Trustee shall make these adequate protection disbursements with the first payment after confirmation. The creditor must file a proof of claim.**

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| 1. | | |
| 2. | | |

To the extent that this paragraph duplicates paragraphs 7 & 8, monthly payments proposed for secured claims in paragraphs 7 & 8 supplant these monthly adequate protection payments.

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM**                                      Page 3 of 14

### 6. SECURED CLAIMS 1325 (a)(5)(B)(ii)

Secured creditors shall retain their security interest in the collateral until payment of the entire underlying debt determined under applicable non Bankruptcy law or entry of discharge, whichever occurs first. See 11 U.S.C. § 1325(a)(5)(B)(i)(I)(aa)(bb). When either of these conditions has been fulfilled, creditor must release transfer the title to any collateral pursuant to applicable non Bankruptcy law within thirty (30) days.

Holders of secured claims shall be paid provided that such priorities may be amended by the Court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims

### 7. CLAIMS TO WHICH 11 U.S.C. § 506(a) IS NOT APPLICABLE (910/PMSI)

Debtor(s) incurred the following debt on an automobile within 910 days of filing or debtor(s) incurred this debt for a PMSI within one year of filing.

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| 1. Kia Motor Finance (2012 Kia Soul) | $170.00 | $16,796.53 (Full) |
| 2. | | |

**(These Payments Shall Be Increased After Debtors Attorney Fees Have Been Paid In Full)**

### 8. VALUATION: (Cramdown claims) 11 U.S.C. § 506

The amount of any secured creditor's allowed secured claim shall be that amount set forth in the Plan as the "Proposed Amount of Allowed Secured Claim" unless the Court, prior to confirmation, orders otherwise.

Fees, costs or charges on the proof of claim must be reasonable as required by 11 USC § 506(b).

If sufficient funds are not available to make a full monthly payment on all claims listed above, the available funds will be disbursed by the Trustee according to the funds she has on hand, and approximate the amounts listed above as closely as possible.

| Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|
| 1. Citifinancial/Value City (Misc Personal Prop) | $10.00 | $100.00 |
| 2. GE Credit Union (2006 Chevrolet Equinox) | $85.00 | $8,000.00 |
| 3. HSBC/Best Buy (Misc Personal Prop) | $10.00 | $100.00 |

**(These Payments Shall Be Increased After Debtors Attorney Fees Have Been Paid In Full)**

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM** Page 4 of 14

**9. DOMESTIC SUPPORT OBLIGATION: 101(14A); 1325(a)(8); 1302(d)(1); 1302(b)(6);**

**A. CHOOSE ONE :**
      X       This section is not applicable.

**OR**
              Debtor, is obligated to pay a domestic support obligation.

**B. CHOOSE ALL THAT ARE APPLICABLE:**

           Debtor will make this payment from a current payroll deduction going directly to this creditor and is current on this obligation.

           Debtor(s) will make this payment from a current payroll deduction going directly to this creditor and the current payroll deduction also includes any arrearage amount.

           The Trustee shall make the current disbursement in the amount of $ _____ monthly.

           The Trustee shall pay outstanding support arrears totaling $_____ and the payment on such arrears shall be $_____ monthly.

           Debtor(s) will make this payment directly to this creditor as reflected on Schedule J and is current on this obligation.

           Debtor(s) will make this payment directly to this creditor as reflected on Schedule J and the direct payment also includes any arrearage amount.

The name, address and phone no. of the holder of the domestic support obligation is also listed separately on Schedule E and has been identified as such so that the Trustee may send a separate notice as required.

Provide the name, address and phone no. of the Recipient.

Name/Recipient _____

Address _____

Phone _____

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM**                                                      **Page 5 of 14**

**10. PLAN DISBURSEMENTS - DEFAULT PAYMENTS "INSIDE THE PLAN"**
Debtor(s) proposes to cure defaults to the following creditors by payment of the following monthly payments by the Trustee:

| Creditor | Monthly Payment | Amount of Default being Cured | Interest Paid None OR indicate % |
|---|---|---|---|
| 1. PNC Bank (1st Mortgage) | $25.00 | $4,800.00 | None |
| 2. | | | |

**(These Payments Shall Be Increased After Debtors Attorney Fees Have Been Paid In Full)**

Arrearage claim
Mortgage arrearage claims involving mortgages that were entered into after October 22, 1994 shall not be paid interest.

Unless modification of creditor(s)' rights is specified in the Plan, the debtor(s)' statement of the arrearage(s) under this paragraph shall be considered estimates, and the Trustee shall schedule the claims in the amount(s) set forth in the creditor(s)' respective Proofs of Claim (subject to debtor(s)' objections thereto).

**11. MORTGAGE CLAIMS: Post Petition Mortgage Payment Disbursed By Trustee (conduit) Regular mortgage payment**
Any proof of claim must specify the arrearage amount and the principal amount. Also, the holder of the mortgage shall file an amended proof of claim for any changes in the required periodic mortgage payments during the life of the Plan; and the Plan will be deemed to have been modified and the Trustee will disburse the mortgage payments according to the amended proof of claim. See Fed. R. Bankr. P. 3001 and 3002.1 for forms. (Mortgage Proof of Claim Attachment; Notice of Post-petition Mortgage fees, expenses, charges; Notice of Mortgage Payment Change)

| Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|
| 1. PNC Bank (1st Mortgage) | $744.23 | March 2013 |
| | | |

Interest should not be paid on this monthly payment.

Trustee may increase the plan payment for conduit cases if served with a filed Notice of Payment change by mortgagee.

**12. CREDITORS PAID DIRECTLY AND NOT BY THE CHAPTER 13 TRUSTEE** Creditors who will be paid directly by the Debtor(s) and not through the Trustee are:

| Creditor | Monthly Payment | Payment Begin Date |
|---|---|---|
| 1. Verizon Wireless | $110.00 | January 2013 |
| 2. | | |

Debtors reserve the right to pay these creditors through the Plan by filing a Motion to Modify.

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM** Page 6 of 14

**13. EXECUTORY CONTRACTS IF APPLICABLE**
See Statement of Executory Contracts, Schedule G.

| Creditor | Monthly Payment | Payment Begin Date | Payment End Date | Assume/Reject |
|---|---|---|---|---|
| 1. Verizon Wireless | N/A (Outside Plan) | N/A | N/A | Assume |
| 2. | | | | |

**14. POST-PETITION CLAIMS and/or ADDITIONAL CREDITORS**
Post petition claims which are allowed and upon which creditors file a claim shall be paid the same percentage as prepetition claims, which shall represent payment in full to the creditor, unless the Court orders otherwise.  Debtor(s) may file a motion to remove or add any creditor to the Plan.

**15. INTEREST RATE**
Secured claims shall be paid interest at the annual percentage rate listed herein based upon a declining monthly balance on the amount of the allowed secured claim in an amount of **5% (FIVE PERCENT)**.  This interest shall be paid as a part of payments shown as the monthly payment. (See In re Till)

**16. PERSONAL INJURY CLAIMS, WORKERS COMPENSATION CLAIMS, SOCIAL SECURITY CLAIMS, AND MISCELLANEOUS CLAIMS OF THE DEBTOR(S)**
The Debtor(s) shall keep the Trustee informed as to any change in status of any claims for personal injury, workers compensation, social security or any other claim to which Debtor may be entitled.  Before the claim can be settled and distributed, the Debtor must comply with all requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments or as the Court so otherwise orders.  The Debtor(s)' case will not be complete until the claim has been settled and shall remain open for administration purposes until the claims has been paid into the plan or the Court so otherwise orders.

**17. TAX RETURNS AND REFUNDS**
Debtor(s) must file tax returns every year that they are in the Chapter 13 plan unless exempt by IRS statutes. Any refund above $800 for a single tax return and $1600 for a joint tax return must be turned over to the Chapter 13 Trustee unless otherwise ordered by the Court. Debtor(s) may file a motion to retain if the funds are necessary for their maintenance and support.

**18. TRANSFERRED CLAIMS**
If any creditor has transferred its claim by assignment or otherwise, the underlying debt shall be discharged as to the transferor and the transferee upon the completion of the Plan through discharge. See Fed. R. Bankr. P. 3001(e)(2).

**19. SALE OF REAL ESTATE and/or APPLICATION TO INCUR DEBT FOR REFINANCING**
Sale or refinancing of real estate must occur per the Local Bankruptcy Rules.  The Trustee must be served with a copy of the closing statement one day before the closing.

**20. CASUALTY LOSS INSURANCE PROCEEDS**

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM**                                                          **Page 7 of 14**

All insurance proceeds must be turned over to the Trustee unless the debtor(s)' Counsel files a motion to retain proceeds.

**Substitution of Collateral**

If a motor vehicle is substantially damaged while there is still an unpaid claim which is secured by the vehicle, the debtor shall have the option of using the insurance proceeds to either repair the vehicle, pay off the balance of the secured claims if the secured creditor is a named loss payee on the policy, or **MOVE** to substitute collateral by purchasing a replacement vehicle.

If a replacement vehicle is purchased, the vehicle shall have a value not less than the balance of the unpaid secured claim, the creditor's lien will be transferred to the replacement vehicle and the Trustee will continue to pay the secured claim.

## 21. STUDENT LOANS
**CHOOSE ONE:**

     X      This section is not applicable or no special treatment is contemplated for student loans, which shall be paid the same as other general unsecured creditors pursuant to Paragraph 1(C) of this Plan.

           Student loans will be paid a dividend as listed below.

| Creditor | Percentage Paid | Rate of Interest (indicate %) |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

           Student loans are being paid direct by cosigner and shall not be paid in the plan.

| Creditor | Name of Cosigner Paying |
|---|---|
| | |

## 22. SURRENDER OF COLLATERAL

If the Plan provides for surrender of collateral to a secured creditor, the Trustee will not schedule the affected creditor's secured claim for payment until the claim is amended to set forth an unsecured deficiency after disposition of the collateral.

Upon confirmation of the Plan, any stay created by the filing of the petition pursuant to 11 U.S.C. § 362 shall be deemed modified to allow *in rem* disposition of the collateral to effect the surrender.

Affected creditors are not barred by this provision from seeking pre-confirmation modification of the stay.

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM**                                                                                   **Page 8 of 14**

**23. DISCHARGE - 11 U.S.C. § 1328**
**CHOOSE ONE:**

      X      Debtor(s) shall receive a discharge when all applicable requirements of 11 U.S.C. § 1328 have been fulfilled.

**OR**

           Debtor(s) SHALL NOT receive a discharge upon completion of this case. (No discharge if Debtor(s) have received a discharge in any case filed under Chapter 7 within four (4) year period preceding the date of the order for relief under this chapter and no discharge if Debtor(s) have received a discharge in any case filed under Chapter 13 within two (2) year period preceding the date of the order for relief under this chapter - 11 U.S.C. § 1328)

Debtor(s) filed this case on _____. Debtor(s) have previously filed a Chapter 7/13 on _____. (Case no.   )

Unless otherwise provided herein, the Debtor(s) will not be discharged from debts under 11 U.S.C. § 1322(b)(5).

**24. AUTOMATIC STAY: Indicate if motion has been filed.**

     X     Indicate if a motion to extend or impose stay has been filed.

**CHOOSE ONE:**

     X     Stay is in effect as to all property of the estate unless this plan indicates otherwise.

           11 U.S.C. § 362(c)(4)(B). PRIOR CASES (more than two) WITHIN ONE YEAR

     X     11 U.S.C. § 362(c)(3). PRIOR CASE (one) PENDING WITHIN ONE YEAR:

           11 U.S.C.§362(b)(20) in rem relief TWO YEARS after the date of entry of order.

**25. CO-SIGNERS**
Creditors who have co-signers, co-makers, or guarantors, from whom they are enjoined from collection under 11 USC § 1301, and which co-signers, co-makers, or guarantors are not also Chapter 13 debtors may be separately classified.

| Creditor | Percentage Paid | Interest Paid (None OR indicate %) |
|---|---|---|
| 1. Park National (Sarah Turkelson) | 7% | None |
| 2. | | |
| 3. | | |

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM**                                   Page 9 of 14

## 26. DEFAULT AND WAIVER

Any default of the debtor that is not proposed to be cured in the plan herein is deemed waived by the confirmation of the plan.

## 27. MODIFICATION

After opportunity for hearing and upon such notice as the Court may designate, if it appears that the circumstances of the debtor(s) so require, the Court may, at the confirmation hearing or during the operation of the Plan, increase or decrease the amount of payments to be paid by the debtor or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments.

After confirmation, Debtor(s) must file a motion to modify and attach amended schedules I and J based on income and budget at the time of the filing of the motion, as applicable.

## 28. NOTICES

Notice to all parties shall be made by regular mail or electronically.

## 29. CONFIRMATION

The confirmation of the Plan shall constitute a finding by the Court that there is good cause to extend the Plan beyond the applicable commitment period under 11 U.S.C. § 1325(b)(4), if the Plan calls for an extension beyond that period, and that the Plan was filed by the debtor(s) in good faith and it is the Debtor(s)' best effort. All conditions of 11 U.S.C. § 521 have been fulfilled or the debtor(s) have requested an order from the Court.

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM**                                      **Page 10 of 14**

**30. ADDITIONAL PROVISIONS PERTAINING TO THE DEBTORS:**
**A**.      **Debtors are the owners of the residential real property located at 5559 Mt. Zion Road, Milford, Clermont County, Ohio 45150 (hereinafter referred to as the "Real Property"). The Real Property has a Current Value of $69,000.00 as set forth in Debtors' Schedule A. The Real Property is encumbered by a First Mortgage in favor of PNC Bank, N.A. on which the Debtors owe more than the Current Value of the Real Property (hereinafter referred to as the "First Mortgage"). The Real Property is also encumbered by a Second Mortgage also in favor of PNC Bank, N.A. as the Successor by Merger to National City Bank (hereinafter collectively referred to as the "Creditor") on which the Debtors owe approximately $21,805.40 (hereinafter referred to as the "Second Mortgage"). The First Mortgage was recorded prior to and is higher in priority than the Second Mortgage.  Therefore, the Second Mortgage shall be "stripped" by the Confirmation of this Plan as there is not equity for the Second Mortgage to attach.  The debt owed to the Creditor, underlying the Second Mortgage, shall, therefore, be paid as a general, unsecured, non-priority claim in accordance with the provisions of this Plan applicable to such claims and released upon discharge.  If the Creditor should fail to release the Second Mortgage of record, this confirmed Plan and the Discharge shall serve as a release of the Second Mortgage filed in the Records of the Recorder of Clermont County, Ohio on or about 03/10/2004 in Book 1750, Page 2268.  Debtors are filing a Motion to Avoid the Second Mortgage.**

**B**.      **Debtors are the owners of the residential real property located at 5559 Mt. Zion Road, Milford, Clermont County, Ohio 45150 (hereinafter referred to as the "Real Property"). The Real Property has a Current Value of $69,000.00 as set forth in Debtors' Schedule A.  Pursuant to O.R.C. § 2329.66(A)(1), the Debtors claimed a Homestead Exemption in the Real Property in the amount of $43,250.00 as set forth in Debtors' Schedule C. The Real Property is encumbered by a First Mortgage in favor of PNC Bank, N.A. on which the Debtors owe more than the Current Value of the Real Property (hereinafter referred to as the "First Mortgage"). The Real Property is also encumbered by a Judgment Lien in favor of Portfolio Recovery Associates, LLC as the Assignee of US Bank, N.A. (hereinafter collectively referred to as the "Creditor") on which the Debtors owe approximately $10,299.00 (hereinafter referred to as the "Judgment Lien"). The First Mortgage was recorded prior to and is, otherwise, higher in priority than the Judgment Lien.  Therefore, by Confirmation of this Plan, the Judgment Lien shall be avoided, pursuant to 11 U.S.C. § 522, as it impairs the Debtors' Homestead Exemption. Moreover, the Judgment Lien shall be "stripped" by the Confirmation of this Plan as there is not equity for the Judgment Lien to attach.   Accordingly, the debt owed to the Creditor, underlying the Judgment Lien, shall be paid as a general, unsecured, non-priority claim in accordance with the provisions of this Plan applicable to such claims and released upon discharge.  If the Creditor should fail to release the Judgment Lien of record, this confirmed Plan and the Discharge shall serve as a release of the Judgment Lien filed in the records of the Clerk of the Court of Common Pleas of Clermont County, Ohio in the case of <u>Portfolio Recovery Associates, LLC. v. Steven R. Turkelson, et. al.</u>, Case No. 2012-JUD-04101.  Debtors are filing a Motion to Avoid the Judgment Lien.**

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM**                                                                                    Page 11 of 14

C.	If at any time during this Plan, a mortgage holder obtains relief from stay on the real estate located at 5559 Mt. Zion Road, Milford, Clermont County, Ohio 45150, the Chapter 13 Trustee shall discontinue all payments to movant and all other lienholders on their claims under the Debtor's Chapter 13 Plan.  Movant is directed to file a report of sale promptly following liquidation of the subject property if any excess proceeds are received.  Should movant, or any other lienholder, seek to file any unsecured deficiency claim, they shall do so no later than **270 days** after the order on relief is entered.  Said claims shall then be considered "provided for by the plan" per 11 USC § 1328 and shall be paid as a general, unsecured, non-priority claim in accordance with the provisions of this Plan applicable to such claims with balance deemed discharged upon completion of the Chapter 13 Plan and entry of Discharge Order.  If no deficiency claim is timely filed, as specified above, then the balance is deemed discharged upon completion of the Chapter 13 Plan and entry of Discharge Order.

**D**.	Debtor(s) have averaged their annual income tax refunds, in excess of the allowed exemption of $800.00 for an Individual Debtor and $1,600.00 for Joint Debtors, into their monthly income as set forth in Schedule I.  Accordingly, Paragraph 17 of this Plan above is modified and the Debtors may retain their entire annual income tax refund to be used for their maintenance and support.

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM**                                                                                           Page 12 of 14

Respectfully submitted,

/s/ Gregory M. Wetherall
_____
GREGORY M. WETHERALL
OH. Reg. No. 0067307
4030 Mt. Carmel-Tobasco Road, Suite 122
Cincinnati OH 45255
Telephone: (513) 528-0200
Telecopier: (513) 528-1762
Email: gmw@gw-law.net

I declare under penalty of perjury that the information in this plan is true and correct.

Date: December 28, 2012

/s/ Steven R. Turkelson
_____
Steven R. Turkelson, Debtor

Date: December 28, 2012

/s/ Susan G. Turkelson
_____
Susan G. Turkelson, Debtor

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM** Page 13 of 14

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2012, I electronically filed the foregoing Instrument with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Office of the United States Trustee
> CBLD Building, Suite 2050
> 36 East Seventh Street
> Cincinnati, Ohio 45202
>
> Ms. Margaret A. Burks, Esq.
> Chapter 13 Trustee
> 36 East Fourth Street, Suite 700
> Cincinnati, Ohio 45202

/s/ Gregory M. Wetherall
_____
GREGORY M. WETHERALL

*The Law Office of*
*Gregory M. Wetherall*
*A Legal Professional Association*
*4030 Mount Carmel-Tobasco Road*
*Cincinnati, Ohio 45255*
*Telephone: (513) 528-0200*
*Telecopier: (513) 528-1762*

**PLAN AND APPLICATION TO CONFIRM**                                                                 Page 14 of 14